NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1986
_____

PHYLLIS H. KISER, Executrix of the Estate of Orvin H. Kiser, Sr., Deceased,
Appellant

v.

A.W. CHESTERTON CO., A Massachusetts Corporation; CRANE PACKING CO., An Illinois Corporation formerly known as John Crane, Inc.; CROWN CORK & SEAL COMPANY, INC., A New York Corporation; EXXON MOBIL CORPORATION, A New Jersey Corporation formerly known as Mobil Oil Corporation; FOSTER WHEELER CORPORATION, A New Jersey Corporation; GENERAL ELECTRIC COMPANY, A New York Corporation; GENERAL REFRACTORIES COMPANY, A Pennsylvania Corporation; GEORGIA-PACIFIC CORPORATION, A Georgia Corporation; GOULDS PUMPS, INCORPORATED, A Delaware Corporation; HARSCO INDUSTRIAL PATTERSON-KELLEY, A Division of Harsco Corporation as successor to Patterson-Kelley Company. A Delaware Corporation; INGERSOLL-RAND COMPANY, A New Jersey Corporation; JOHN CRANE, INC., Not a Virginia Corporation; METROPOLITAN LIFE INSURANCE COMPANY, A New York Corporation; RAPID AMERICAN CORPORATION, A New York Corporation; RILEY POWER, INC., A Massachusetts Corporation formerly known as Babcock Borsig Power, Inc. formerly known as D.B. Riley, Inc. formerly known as Riley Stocker Corporation; SEPCO, INC., Not a Virginia Corporation; TRANE U.S. INC., Successor in Interest to American Standard Inc.; UNIROYAL, INC., A Delaware Corporation; CBS CORPORATION, A Delaware Corporation formerly known as Viacom, Inc., Successor by Merger to CBS Corporation, a Pennsylvania Corporation formerly known as Westinghouse Electric Corporation ("Westinghouse"); WARREN PUMPS, LLC, Not a Virginia Corporation; ZENITH PUMPS, Not a Virginia Corporation
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-11-cv-60039 & 01-md-00875)
District Judge: Honorable Eduardo C. Robreno
_____

Before: FUENTES, SMITH, and JORDAN, *Circuit Judges*

(Filed: April 11, 2013 )
_____

OPINION OF THE COURT
_____

FUENTES, *Circuit Judge*:

This asbestos personal injury case came before this Court on appeal from the United States District Court for the Eastern District of Pennsylvania, which dismissed the action as time barred under Virginia law. *Kiser v. A.W. Chesterton Co.*, 770 F. Supp. 2d 745 (E.D. Pa. 2011).

Recognizing that this appeal raised an important and unresolved question concerning the accrual of a cause of action for injury from a latent asbestos-related disease under the Virginia statute of limitations, on April 23, 2012 we entered an order requesting that the Supreme Court of Virginia accept certification pursuant to Rule 5:40 of the Rules of the Supreme Court of Virginia, and answer the following question of law:

> Whether, under Va. Code § 8.01-249(4), a plaintiff's cause of action for damages due to latent mesothelioma is deemed to accrue at the time of the mesothelioma diagnosis or decades earlier, when the plaintiff was diagnosed with an independent, non-malignant asbestos-related disease.

The Supreme Court of Virginia accepted the certified question of law by order entered June 8, 2012. On January 10, 2013 it issued an opinion, which was filed with this court on April 3, 2013. For the reasons set forth by the Supreme Court of Virginia in

2

*Kiser v. A.W. Chesterton Co.*, 736 S.E.2d 910 (Va. 2013), we hereby affirm the decision

of the District Court, dismissing this action as time barred.